UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT HULVEY,

       Petitioner,

v.
       Case No. 1:10-cv-903
       Hon. Gordon J. Quist

CINDI CURTIN,

       Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner, a prisoner incarcerated at the Michigan Department of Corrections (MDOC) has filed a petition for a writ of habeas corpus pursuant to 28 § U.S.C. 2254.[1]

**I.    Background**

On February 11, 1998, petitioner pled guilty to armed robbery, M.C.L. § 750.529, felony firearm, M.C.L. § 750.227b, and felon in possession of a firearm, M.C.L. § 750.224f. *See People v. Hulvey*, No. 1998-157740-FC (Oakland Co. Cir. Ct.) (Amend. Judg. of Sentence March 11, 1998) (docket no. 15-7 at 91-92). He was sentenced as a fourth habitual felony offender, M.C.L. § 769.12, to concurrent terms of 3 to 20 years for the armed robbery and felon in possession of a firearm convictions, consecutive to a 2 year term for the felony firearm conviction. *Id.* The record also reflects that petitioner pled guilty to first-degree retail fraud, M.C.L. § 750.356c, and that his

---

[1] The docket sheet reflects that petitioner's current address is Oaks Correctional Facility in Manistee, Michigan. However, MDOC records reflect that he is incarcerated in the Macomb Correctional Facility for convictions which occurred in 2012. *See* MDOC Offender Tracking Information System at www.michigan.gov/corrections (biographical information for Robert Hulvey, No. 257790).

sentence for this crime was vacated. *See People v. Hulvey*, No. 98-004345-01 (Oakland Co. Cir. Ct.) (Judg. of Sentence June 10, 1998) (docket no. 15-7 at p. 67).

On June 17, 2004, the Michigan Parole Board ("Parole Board") granted petitioner parole commencing on June 30, 2004 and expiring on June 30, 2006. Parole Board Order (June 17, 2004) (docket no. 15-7 at pp. 30-31). However, on June 30, 2006, petitioner's parole period was extended with a new expiration date of June 30, 2007. Parole Board Order (June 30, 2006) (docket no. 15-7 at p. 26). This was based upon a request for parole dated June 29, 2006, which stated as follows:

> [Petitioner] was placed on a 24 month term of parole on 06/30/04 in Macomb County. His supervision was transferred to Mason County PLU on 06/29/05 due to parolee opening a business in Mason County. During his time under supervision in Mason County he has operated his business and reported as directed. However, parolee has been involved with a PV for failure to notify of police contact and he admitted to drinking alcohol. He was given a verbal warning and counseled. On 05/01/06 this agent received a report from LPD about bad checks being copied at parolee's business. The report did NOT indicate that parolee was a suspect only that the offense occurred at his place of business by one of his employee's [sic]. This agent was contacted by MCSD Sgt. Bantel on 06/14/06 and she indicated that she believed parolee may have known about bad checks being passed at his business. She advised she would forward the report to this agent. As of 06/29/06 no report has been received and this agent contacted the prosecuting attorney via her cell phone in reference to parolee. She advised that she is still reviewing info with investigators but if the suspect is credible and will testify she may seek charges against parolee. Therefore, due to an ongoing police investigation where parolee may be implicated with the possibility of criminal charges being issued, it is requested that his parole term be extended 12 months to monitor this incident to its outcome and for any further action to be taken, if necessary.

Case Report (June 29, 2006) (docket no. 15-7 at p. 27).

It was during this one year extension that petitioner violated conditions of his parole, resulting in the revocation of parole and incarceration. At a parole violation hearing, Detective Wu of the Grand Rapids Police Department testified that she was called to an alleged breaking and

2

entering at a tattoo shop on February 13, 2007. Parole Violation Arraignment Summary and Parole Board Action for Robert Hulvey (May 22, 2007) (docket no. 15-7 at pp. 5-8). Detective Wu found an airsoft gun, which looked real, in the store. *Id.* Petitioner held the lease to the tattoo shop and when asked about the gun he said he had taken it from a kid who was shooting bums with it earlier that day. *Id.* Three parole violations arose from this incident. Petitioner pled guilty to the charge (1) that he failed to report police contact, but pled not guilty to charge (2) possession of a firearm and charge (3) possession of a 6mm Glock style airsoft pistol. *See* Parole Violation: Notice and Plea (March 22, 2007) (docket no. 15-7 at p. 16). He was later found guilty of charges 2 and 3. *See* Notice of Action/Parole Board (April 12, 2007) (docket no. 15-7 at p. 14). Due to these three violations, on May 22, 2007, the Parole Board revoked petitioner's parole for 60 months. *See* Parole Board Notice of Action (May 22, 2007) (docket no. 15-7 at p. 4).

Petitioner challenged the Michigan Parole Board's decision by filing a *pro per* complaint of habeas corpus in the Gogebic County Circuit Court, raising the following two issues:

I. The Michigan Department of Corrections lost lawful jurisdiction over petitioner as of June 30, 2006, when petitioner successfully completed the two year period of parole ordered by the Parole Board (June 30, 2004 - June 30, 2006), without being charged or found guilty of any violations to the conditions or obligations of his parole set in said order.

II. As stated in [Issue I], the Parole Board and the Department of Corrections maintained unlawful jurisdiction over petitioner when they extended petitioner's period of parole without the required prerequisite "cause" and failed to discharge petitioner's parole and the entire sentence as mandated by M.C.L. 791.242.

Petition for Writ of Habeas Corpus (May 14, 2008) (docket no. 15-3 at pp. 4 and 9).

The Gogebic Circuit Court denied the petition for state habeas relief on August 7, 2008. *People v. Hulvey*, No. G 08-166 AH (Gogebic County Cir. Ct.) (Opinion and Order, Aug. 7,

2008) (docket no. 15-4 at pp. 2-4). Because this is the only detailed opinion issued by a state court explaining the history of petitioner's parole and his disputes with the Parole Board, the Gogebic Circuit Court's August 7, 2008 opinion and order will be reproduced at length:

> It appears in this case that petitioner was previously paroled, and on the last day of his two year term of parole, his parole status was extended by the Michigan Parole Board for a period of one additional year. After such extension, and prior to the expiration of the extended term of parole, apparently petitioner committed new offenses which resulted in his parole status having been revoked. Petitioner now argues that he completed the original term of parole without revocation and therefore pursuant to Michigan Compiled Laws 791.242, the Parole Board had no discretion but to discharge him.
>
> Respondent moves for dismissal arguing that this action is barred by the prior judgment of the Ingham County Circuit Court on March 27, 2008. Secondly, respondent contends that the Parole Board had discretion to amend and extend the term of parole for cause, not amounting to an adjudication of parole violation, and in fact it did so on the last day of the original day of parole.
>
> Respondent's first assertion that this matter is barred by prior judgment is rejected, in that it appears from the materials provided by respondent that the mandamus action in Ingham County was dismissed solely because of the existence of a legal remedy for petitioner, without review of the merits of Petitioner's claim.
>
> However, petitioner's [sic] second basis for seeking dismissal of this cause is well founded. In this case it appears that petitioner's original parole term was in fact extended, on the last day of that term, for cause. Such an amendment is authorized by Michigan Compiled Laws 791.236(3). Respondent's brief is persuasive in arguing that such an amendment of the parole order, even extending its term, may be done "for cause" in the discretion of the Parole Board without processing a charge of violation of parole for revocation purposes. Again, it appears that such an amendment is discretionary with the Parole Board for cause based upon activity during the term of parole, which is made out by the facts of this case. This is in sharp contrast to the formal processes required in MCL 791.239a and MCL 791.240a revocation of parole. Such discretion to amend parole during the term is also distinguished from the apparent lack of discretion placed in the Parole Board in MCL 791.242(1) to issue a discharge when the parolee has faithfully performed all conditions and obligations and obeyed all rules and regulations.
>
> In short, the statutes appear to give the Michigan Parole Board discretion to place a prisoner on parole, and discretion to extend that parole or otherwise amend it for cause, while on the other hand requiring a hearing for a parole violation upon

4

> which the department seeks to revoke parole (MCL 791 ,240a) and no discretion but to discharge the prisoner where in fact the prisoner has fulfilled all terms of parole for the entire term of parole. None of the cases cited by petitioner hold otherwise,
>
> Therefore, it appearing that petitioner is further incarcerated for violation of parole committed during the extended term of his parole, as legitimately extended, his petition for a Writ of Habeas Corpus must be dismissed.

*Hulvey*, No. G 08-166 AH (Opinion and Order, Aug. 7, 2008).

Petitioner challenged the circuit court's denial of his state habeas petition by filing a *pro se* "Motion for default judgment/judgment on the pleadings" with the Michigan Court of Appeals, raising four arguments:

> I. Did [the government] fail to answer [petitioner's] complaint within the period of time allotted by MCR 7.206, thus entitling [petitioner] to a default judgment?
>
> II. Does Michigan Compiled Law 791.242(1) provide for mandatory discharge of the paroled prisoner's entire sentence, upon the successful completion of the fixed period of parole ordered[?]
>
> III. Is it Constitutionally and statutorily required to charge the paroled prisoner with a parole violation, take him through the parole violation process, and find him guilty of a parole violation in accordance with the procedural due process requirements of M.C.L. 791.240a as a prerequisite to making the determination that the paroled prisoner failed to comply with the conditions and obligations of parole[?]
>
> IV. Is [petitioner] entitled to the discharge of his entire sentence as of June 30, 2006, thus entitling him to immediate release from prison[?]

Petitioner's Brief (docket no. 15-4 at p. 12). The Michigan Court of Appeals denied petitioner's motion and denied his complaint habeas corpus. *People v. Hulvey*, No. 290494 (Mic. App. May 29, 2009) (docket no. 15-4 at 44).

Petitioner then filed a *pro se* application for leave to appeal with the Michigan Supreme Court, raising two issues:

5

> I. Does [petitioner] have protected liberty rights in discharge from parole and his entire sentence upon the completion of the fixed period of parole ordered?
>
> II. Can the Parole Board deprive [petitioner] of a legislature conferred liberty right without adhering to the required procedural due process safeguards required by M.C.L. 791.240a?

Application for Leave to Appeal (docket no. 15-5 at p. 9). The Michigan Supreme Court denied petitioner's application for leave to appeal because it was not persuaded that the questions presented should be reviewed by the court. *People v. Hulvey*, No. 139107 (Mich. Sept. 28, 2009) (docket no. 15-5 at p. 1).

On October 29, 2009, petitioner filed a *pro se* habeas petition in the Eastern District of Michigan. Petition (docket no 1). He filed an amended petition on December 21, 2009, raising three issues:

> I. Petitioner, once paroled, possesses a legitimate claim of entitlement to the state created liberty and property interest in the absolute discharge of the remaining portion of his sentence, so long as he has complied with the conditions of his parole for the period of time fixed in the order of parole, deprivation of which must take place in accordance with due process of law.
>
> II. Michigan Compiled Law 791.236(3) as applied by the Michigan Parole Board to amend/extend an order of parole at their discretion without notice to the paroled prisoner and without opportunity to be heard is in violation of the due process clause of the U.S. Constitution Amendments V and XIV.
>
> III. The Parole Board did not have lawful jurisdiction to return the petitioner to prison for a violation of his parole when that violation occurred on February 12, 2007, nearly eight months after the petitioner served the full sentence required of him pursuant to Michigan Law.

Amended Petition (docket no. 7). On September 14, 2010, this matter was transferred to the Western District. See Opinion and Order (docket no.17).

6

## II. Standard of review under 28 U.S.C. § 2254

Petitioner seeks relief under 28 U.S.C. §2254, which provides that "a district judge shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Where the state court has adjudicated a claim on its merits, the federal district court's habeas corpus review is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides in pertinent part that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The AEDPA "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, -- U.S. --, 130 S.Ct. 1855, 1862 (2010) (internal quotation marks omitted). "Under the 'contrary to' clause, a federal habeas court may grant the writ only if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decided the case differently than the Supreme Court has on a set of materially indistinguishable facts." *Jalowiec v. Bradshaw*, 657 F.3d 293, 301 (6th Cir. Sept. 7, 2011), citing *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "Under the 'unreasonable application' clause, a federal court may grant the writ only if

7

the state court identified the correct governing legal principle from the Supreme Court's decisions but unreasonably applied that principle to the facts of the petitioner's case." *Id.* A court may not issue a writ of habeas corpus "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411. Rather, to grant habeas relief, the state court's application of the law must be found to be "objectively unreasonable." *Id.* at 409.

A determination of a factual issue by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). A habeas petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence that the state court's determination was erroneous. *Magana v. Hofbauer*, 263 F.3d 542, 546-47 (6th Cir. 2001). The presumption of correctness accorded to a state court's findings of fact on federal habeas review also applies to the factual findings of a state appellate court based on the state trial record. *Brumley v. Winegard*, 269 F.3d 629 (6th Cir. 2001).

**III. Discussion**

    **A. Petitioner had a liberty interest in his original 2-year order of parole (Issue I)**

    **B. The Parole Board's extension of parole violated petitioner's due process rights (Issue II)**

    **C. The Parole Board lacked jurisdiction to return petitioner to prison when he violated parole on February 12, 2007 (Issue III)**

As an initial matter, petitioner's federal habeas claim does not arise from the May 22, 2007 revocation of his parole. Rather, the federal habeas claim at issue in this matter arises from petitioner's claim that the one-year extension of his parole in 2006 violated his due process rights. Petitioner clarified the issue in his reply to respondent's answer when he stated:

> "[Respondent] presents to this court that I am claiming that I DID NOT receive due process before my parole was revoked for three parole violations which occurred on February 13, 2007. This is clearly a misunderstanding as I absolutely did receive due process for these violations.
>
> MY CLAIM IS that I SHOULD NOT have been on parole on February 13, 2007 for my behavior to have been considered a violation.
>
> I was paroled on June 30, 2004 for a fixed term of parole set to expire on June 30, 2006.
>
> Pursuant to the legislative language of Michigan Compiled Law 791.242(1) I held a liberty and property right of my parole period remaining FIXED and in being "deemed to have served the full sentence required" and in receiving an absolute discharge of my entire sentence upon the expiration of my FIXED term of parole so long as I complied with the condition of my parole.
>
> On June 29, 2006 my parole Agent requested my FIXED parole period be extended by one year for alleged violations of parole. (These alleged violations were never pursued by the parole board nor is there any record of these alleged violations other than the parole agent's allegations.) I did not receive notice of these alleged violations, an opportunity to be heard I WAS not even made aware that such allegations were made and used to seek an extension of my Fixed period of parole. I also WAS NOT given notice or opportunity to be heard with regards to the extension of my fixed period of parole.

Petitioner's Reply (docket no. 16 at pp. 1-2) (emphasis original).

The state statute upon which petitioner relies, M.C.L. § 791.242(1) provided as follows:

> When any paroled prisoner has faithfully performed all of the conditions and obligations of his parole for the period of time fixed in such order, and has obeyed all of the rules and regulations adopted by the parole board, he shall be deemed to have served his full sentence, and the parole board shall enter a final order of discharge and issue to the paroled prisoner a certificate of discharge.

M.C.L. § 791.242(1).

Petitioner raised this same due process claim in a civil rights complaint filed in this Court against the Parole Board Chairperson and the MDOC Director on February 8, 2010 (while his

9

present habeas petition was still pending in the Eastern District). *See Hulvey v. Sampson*, No. 1:10-cv-122 (W.D. Mich.). In that civil rights case, the Court rejected petitioner's (then plaintiff's) claim that he had a liberty interest in his June 30, 2004 parole order and that the Parole Board violated his due process rights in extending the parole in 2006:

> The following allegations are contained in Plaintiff's complaint. On June 30, 2004, Plaintiff was granted parole and released from prison. Plaintiff's term of parole was to expire June 30, 2006. On June 29, 2006, Plaintiff's Parole Agent recommended that Plaintiff's term of parole be extended for an additional year on the ground that Plaintiff had violated the terms of his parole. Although Plaintiff had not been found guilty of the alleged parole violations, the Michigan Parole Board nonetheless extended Plaintiff's parole by one year. Plaintiff was neither given notice of his alleged parole violations nor given an opportunity to be heard on the matter. Plaintiff asserts that the actions of the Michigan Parole Board violated his due process rights as well as Michigan law.
>
> \* \* \*
>
> As is well recognized, the parole system employed by the State of Michigan does not create a liberty interest in parole. *See*, *e.g.*, *Jackson v. Caruso*, 2010 WL 3220146 at *4 (W.D. Mich., Aug.10, 2010) (citing *Sweeton v. Brown*, 27 F.3d 1162, 1164–65 (6th Cir.1994)). Because Plaintiff has no liberty interest in parole, he cannot challenge the procedures by which his term of parole was extended. *See*, *e.g.*, *Kamppi v. Ghee*, 2000 WL 303018 at *2 (6th Cir., Mar.14, 2000) ("Kamppi has no liberty interest in parole under the Constitution or state law. . . and he therefore may not challenge any procedure used to deny him parole or extend his parole release date"); *Jones v. Smolinski*, 2009 WL 3352804 at *3 (W.D. Mich., Oct.13, 2009) ("[w]ithout a protected liberty interest, plaintiff cannot successfully claim that his due process rights were violated because 'process is not an end in itself' ") (*quoting Olim v. Wakinekona*, 461 U.S. 238, 250, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983)). Accordingly, Plaintiff's due process claim is without merit.

*Hulvey v. Sampson*, No. 1:10-cv-122, 2010 WL 4923488 at *1-*2 (W.D. Mich.) (Report and Recommendation, Nov. 1, 2010), adopted in 2010 WL 4923484 (Judgment) (Nov. 29, 2010). The same reasoning applies in this case, i.e., petitioner had no liberty interest in parole which could be violated when the Parole Board extended his parole for one year, and petitioner's due process claim should be denied.

The only other basis which petitioner raised to support his claim that the Parole Board lacked jurisdiction to revoke his parole in 2007 arises from state law, i.e., "[t]he parole board . . . unlawfully extended the Petitioner['s] parole period and maintained jurisdiction over Petitioner contrary to MCL 791.242(1)." *See* Amend. Pet. (docket no. 7 at p. 23). Here, the Gogebic Circuit Court determined that the Parole Board could extend the parole under M.C.L. § 791.242(1), because such an extension was allowed "for cause" under M.C.L. § 791.236(3)[2]. *See Hulvey*, No. G 08-166 AH (Opinion and Order, Aug. 7, 2008). To the extent petitioner relies on an alleged violation of M.C.L. § 791.242(1), his claim raises a question of state law not cognizable in this federal habeas action. Federal habeas review is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). *See Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) (the state courts are the ultimate expositors of state law in federal habeas proceedings).

---

[2] M.C.L. § 791.236(3) provides as follows:

A parole order may be amended at the discretion of the parole board for cause. An amendment to a parole order shall be in writing and is not effective until notice of the amendment is given to the parolee.

## IV. Recommendation

For these reasons, I respectfully recommend that the habeas petition be **DENIED**.

Rule 8, Rules of Governing § 2254 Cases in the United States District Courts.

Dated: August 20, 2013 /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge

ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LcivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).
.